Herbert A. Cook, et al. [1] v. Commissioner. Cook v. Commissioner
Docket Nos. 1743-62, 1744-62, 301-63.
United States Tax Court
T.C. Memo 1964-232; 1964 Tax Ct. Memo LEXIS 105; 23 T.C.M. (CCH) 1405; T.C.M. (RIA) 64232; September 8, 1964
*105 Robert H. Kapp and William T. Plumb, Jr., for the petitioners in Docket Nos. 1743-62 and 1744-62. Thomas J. Beddow Woodward Bldg., Washington, D.C. and Meade C. Patrick, for the petitioner in Docket No. 301-63. Joseph N. Ingolia, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined deficiencies in petitioners' income tax for the years and in the amounts as follows: Petitioner
Dkt. No.
Year
Income Tax
Herbert A. Cook
1743-62
1957
$101,614.67
Herbert A. Cook and Martha W. Cook
1744-62
1958
101,233.32
Alice Rich Cook
301-63
1959
77,775.24
The issues presented for our decision are (1) whether the gain realized on the disposition of 12,550 shares of the common stock of Airpax Products Company is taxable to petitioner, Alice Rich Cook, in 1959; (2) in the event we hold that it is not taxable to her for 1959, whether the gain so realized is taxable to petitioner, Herbert A. Cook, for 1957; and (3) in the event we hold it is not taxable to either of the above-named petitioners for 1957 or 1959, whether petitioners, Herbert A. Cook and Martha W. Cook, are taxable on such gain for 1958. *106 The cases were consolidated for trial and decision. Additional issues presented by the pleadings were disposed of by concession of the parties. Findings of Fact The stipulated facts are found as stipulated. Petitioner, Herbert A. Cook, filed his individual income tax return for 1957 with the director at Baltimore, Maryland. Petitioners, Herbert A. Cook and Martha W. Cook, filed their joint income tax return for 1958 with the director at Baltimore, Maryland. Petitioner, Alice Rich Cook, filed her individual income tax return for 1959 with the director at Baltimore, Maryland. Petitioners, Herbert A. Cook and Alice Rich Cook, were married on April 5, 1947. On March 18, 1955, Alice R. Cook filed a bill of complaint in the Circuit Court No. 2 of Baltimore City against Herbert A. Cook and Airpax Products Company, a Maryland corporation, sometimes hereinafter referred to as Airpax or the corporation. The bill of complaint asked, in part, that Alice R. Cook be granted a divorce a mensa et thoro from Herbert A. Cook. In addition, she alleged that she was joint owner of 251 shares of the common stock of the Airpax Products Company (the stock was later split to 2,510 shares *107 and again to 25,100 shares), and that Herbert A. Cook had assigned all right, title, and interest in the stock to her. She further alleged that she had contributed time and money toward the business of Airpax; that, while the controlling stock of Airpax was registered in the name of Herbert A. Cook for purposes of control and prestige, he recognized and acknowledged that all such stock was actually the joint property of Herbert A. Cook and Alice Rich Cook; that, in 1952, he had assigned to her the entire right, title, and interest in the stock and had delivered the certificate to her; and that, in 1954, Herbert had obtained an assignment of the stock back to him, regained possession of the certificate, and procured the registration of the stock in his own name, by acts which Alice alleged to be fraudulent. The 251 shares of Airpax stock referred to in the bill of complaint (which later was split to 2,510 shares and again to 25,100 shares) constituted all the outstanding stock of the corporation. On April 4, 1957, the circuit court rendered its opinion which stated, in part: We do not have, in Maryland, the concept of the community property which some western states have. We do *108 recognize by statute and judicial decisions the right of the wife to deal with the husband, to have business relations with him. * * *
Upon all the evidence, therefore, I find that [in 1952] a trust was created with respect of the stock with Mr. Cook as sole trustee during his lifetime, Mr. and Mrs. Cook each having an undivided one-half beneficial interest with the right of survivorship. * * * The court found that Alice acquired her one-half interest in the shares by gift from her husband in 1952 and stated that although Herbert A. Cook retained possession, dominion, and voting control of the Airpax stock, he held it only as trustee: As Mr. Cook was trustee for himself and his wife, getting a new certificate in his own name [in 1954] obviously was a breach of trust which the law will not condone. * * *
An assignment by a wife to a husband under those circumstances cannot be upheld in a court of equity. This woman was in a weak and distraught condition and the legal principle applicable in a situation of that kind is too clear to need elaboration. * * *
I find that the purported assignment [1954] is this case is null and void. On October 25, 1957, the *109 circuit court rendered a supplemental opinion which, in part, held as follows: As a result of the reargument and further consideration of the testimony, I have concluded that the beneficial interests of Mr. and Mrs. Cook under the trust created when Mr. Cook delivered to his wife the endorsed certificate for the Airpax stock were those of tenants in common, rather than those of tenants by the entireties. The above-described proceeding was adversary in character. On November 12, 1957, the Circuit Court No. 2 of Baltimore City entered its decree granting Alice R. Cook a partial divorce and ordering that the shares of stock in controversy be registered as follows: "Herbert A. Cook, Trustee for Herbert A. Cook and Alice R. Cook as tenants in common, as per Decree of the Circuit Court No. 2 of Baltimore City (Case No. 78530-B), dated November 12, 1957." On December 4, 1958, Alice R. Cook filed a bill of complaint in the Circuit Court No. 2 of Baltimore City against Herbert A. Cook and Airpax Products Company. The subsequent proceeding was adversary in nature. The bill of complaint asked, in part, that Alice R. Cook be divorced a vinculo matrimonii from Herbert A. Cook and that *110 all of the provisions of the court's decree of November 12, 1957, relating to the creation of the trust, be incorporated in the requested decree. On December 18, 1958, former attorneys of Alice R. Cook filed a petition in the absolute divorce proceeding which, in effect, asked that their fees be paid or an injunction be issued to prevent the sale of the Airpax stock, pending the outcome of a suit brought by the attorneys against Alice, Herbert, and the corporation. On December 18, 1958, the local court entered a decree granting an absolute divorce to Alice R. Cook. As to the Airpax stock, it stated: The Defendant, Airpax Products Company, as per order of the Circuit Court No. 2 of Baltimore City (Case No. 78530-B) dated November 12, 1957, shall continue the registry of Twenty-Five Thousand One Hundred (25,100) shares of the Class A Common Stock of Airpax Products Company as follows: "Herbert A. Cook, Trustee for Herbert A. Cook and Alice R. Cook as tenants in common, as per Decree of the Circuit Court No. 2 of Baltimore City (Case No. 78530-B), dated November 12, 1957." On February 27, 1959, Alice R. Cook and her former attorneys entered into an agreement whereby they agreed *111 to settle their differences by arbitration. On June 15, 1959, the arbitrator, who also was the judge in all of the prior proceedings, entered an Opinion and Award. The aubitrator therein referred to the contingent see agreement between the attorneys and Alice R. Cook, stating that it was not void as against public policy. The Opinion stated: The agreement here was not promotive of a divorce, and when construed in connection with the intention of the parties and in the light of the surrounding circumstances, was a reasonable and proper arrangement for the protection of the Defendant's individual, non-marital property rights, for which, under the Maryland law, a married woman has the right to sue anyone, including her husband. * * * Under the Maryland law, the court which grants a divorce has the power to hear and determine all questions between the parties in connection with the ownership of personal property. * * * In awarding additional fees to the former attorneys of Alice R. Cook, the arbitrator made a finding of the fair market value of Alice's stock interest in the corporation as of November 12, 1957, as follows: I find the value of the Defendant's stock interest in the *112 Company at the time of the decree of November 12, 1957, to have been $300,000. On February 11, 1959, an investment broker in New York City contacted the counsel for Alice R. Cook and offered to sell on her behalf 12,550 shares of Airpax class A common stock for $32.47 per share, or a total price of $407,498.50. The offer was accepted by telegram sent by her counsel on February 13, 1959. On February 27, 1959, Alice petitioned Circuit Court No. 2 of Baltimore City requesting termination of the trust of the Airpax stock and the distribution to her of 12,550 shares thereof, free and clear of the trust. Herbert A. Cook certified to the circuit court that he had no objection to Alice's request. On February 27, 1959, the circuit court ordered the trust terminated and authorized Alice to sell 12,550 shares of the corporation's class A common stock, free and clear of the trust. The sale of the above-described shares on the terms set forth by the investment broker in the offer made February 11, 1959, was consummated on March 3, 1959. Neither the income tax return of Herbert A. Cook for 1957 nor the income tax return of Herbert A. and Martha W. Cook for 1958 reported any gain from the sale *113 of the 12,550 shares of stock. On her income tax return for 1959, Alice Rich Cook reported taxable long-term capital gain in the amount of $30,097.25 from the sale of the 12,550 shares of stock. She reported $300,000 as her basis in the stock and deducted selling expenses of $47,303.99. In his notices of deficiency, the respondent has made three determinations with respect to the gain realized upon the disposition in 1959 of the 12,550 shares of Airpax stock. He determined that long-term capital gain in the amount of $178,214.75 is taxable to Alice R. Cook for 1959. The respondent also determined that Herbert A. Cook realized taxable long-term capital gain in the amount of $201,866.75 during 1957 resulting from the transfer of the Airpax stock. He further determined that Herbert A. Cook and Martha W. Cook realized taxable long-term capital gain in 1958 in the amount of $201,866.75 as a result of the disposition of the stock. Ultimate Finding The 12,550 shares of the common stock of Airpax was acquired by Alice Rich Cook in 1952 and continued thereafter to belong to her until her disposition thereof on March 3, 1959. Opinion The respondent concedes on brief that only one *114 of the above-stated determinations is correct and states that his position here is essentially that of a stakeholder who stands neutral as to which of the petitioners is taxable on the gain realized from the sale of the stock. The respondent's primary argument on brief, however, coincides with the position taken by petitioners, Herbert A. Cook and Martha W. Cook, i.e. that long-term capital gain in the amount of $178,214.75 realized on the sale of the Airpax stock is taxable to Alice R. Cook for 1959. Petitioner, Alice R. Cook, first contends that the gain in question is taxable to Herbert A. Cook and Martha W. Cook for 1958. In the alternative, Alice contends that she acquired at least a life interest in the 12,550 shares of Airpax stock from Herbert in 1958, and that she is entitled to utilize as her basis the value of such life estate in computing the gain realized upon the sale of those shares in 1959. In addition, Alice claims that she acquired a remainder interest in the 12,550 shares of stock from Herbert in 1957, and that her basis in the shares must also include the value of such remainder for purposes of measuring the gain realized from the 1959 sale. Each of Alice's *115 contentions is based upon the assumption that , is applicable here. There the taxpayer and his wife executed a property settlement agreement prior to their divorce. Under the agreement the taxpayer agreed to transfer 1,000 shares of Du Pont stock to his wife as a "division in settlement of their property." Five hundred of the shares were to be delivered to the wife in 1955, the year there in issue. The taxpayer's wife agreed to accept the 1,000 Du Pont shares, inter alia, "in full settlement and satisfaction of any and all claims and rights against the husband whatsoever." In 1955, the taxpayer transferred 500 of the Du Pont shares to his wife. The taxpayer's basis in the transferred shares was $74,775.37, and the fair market value thereof at the time of transfer was $82,250. The Supreme Court held that the transfer of the appreciated property to the wife was a taxable event as to the husband, and that the measure of his gain was the value of the marital rights released by the wife. The Court stated "that the parties acted at arm's length and that they judged the marital rights to be equal in value to the property for which they were *116 exchanged." The wife's basis in the transferred shares was held to be the fair market value thereof at the time of transfer. We have held that the Davis decision is applicable also to situations where the husband's property was transferred to the former wife by order of the divorce court. , affd., , certiorari applied for July 11, 1964, and . In the instant case, however, it is clear that the 12,550 shares of Airpax stock sold on behalf of Alice on March 3, 1959, were her own property acquired prior to the commencement of divorce proceedings. The acquisition by Alice of the shares in question did not in any manner result from a division of Herbert's property indischarge of his marital obligations. Pursuant to an adversary divorce proceeding between Alice and Herbert, Circuit Court No. 2 of Baltimore City in its opinion rendered April 4, 1957, and its supplemental opinion filed October 25, 1957, held that, in 1952, the parties became coowners of 25,100 shares of Airpax stock as tenants in common, and that Herbert, who was in possession and control of the shares, held *117 them as trustee for himself and Alice. The circuit court expressly found that, in 1952, Herbert made a gift to Alice consisting of an undivided one-half interest in the Airpax stock and that her beneficial interest therein had continued to the date of the decree. The court further found that a purported assignment of one-half of the outstanding Airpax stock by Alice to Herbert in 1954 was null and void. Accordingly, the circuit court in its a mensa divorce decree entered November 12, 1957, ordered that the outstanding 25,100 shares of Airpax stock then issued in the name of Herbert A. Cook be reissued in his name as trustee for himself and Alice Rich Cook, pursuant to the trust created in 1952. Not only is it apparent that Circuit Court No. 2 of Baltimore City did not in fact attempt to distribute a part of Herbert's property to Alice and that it merely determined her preexisting property rights, but it is also clear that under Maryland law the court had no power to do otherwise. In a number of cases the Maryland Court of Appeals has held that the circuit courts in divorce actions have no jurisdiction to take property owned by a husband and award it to the wife, either as alimony *118 or as an equitable division of his estate. ; ; ; . On December 4, 1958, Alice R. Cook filed a bill of complaint in Circuit Court No. 2 of Baltimore City against Herbert A. Cook and Airpax Products Company seeking a divorce a vinculo matrimonii and asking that all provisions of the prior a mensa decree of that court entered November 12, 1957, relating to the creation of the trust of the outstanding Airpax stock be incorporated in a decree of absolute divorce. The subsequent proceeding was adversary in character. On December 18, 1958, the circuit court entered its decree granting Alice a divorce a vinculo matrimonii from Herbert. The decree also stated: The Defendant, Airpax Products Company, as per order of the Circuit Court No. 2 of Baltimore City (case No. 78530-B) dated November 12, 1957, shall continue the registry of Twenty-Five Thousand One Hundred (25,100) shares of the Class A Common Stock of Airpax Products Company as follows: "Herbert A. Cook, *119 Trustee for Herbert A. Cook and Alice R. Cook as tenants in common, as per Decree of the Circuit Court No. 2 of Baltimore City (Case No. 78530B), dated November 12, 1957." The decrees of the circuit court entered November 12, 1957, and December 18, 1958, which represented determinations by a court of competent jurisdiction of Alice's ownership of one-half of the outstanding stock of the corporation, pursuant to adversary proceedings, constitute binding determinations of the property rights of the parties which we must regard as conclusive for tax purposes. ; ; ; . Inasmuch as it has been clearly and conclusively determined by the proper Maryland court that Alice's entire interest in the 12,550 shares of Airpax stock in question was a nonmarital interest acquired by way of gift from Herbert in 1952, we are unable to find any support for her contention that Herbert transferred any interest whatsoever in those shares to Alice during 1957 or 1958. The shares were hers long prior *120 to commencement of the divorce proceedings. In the absence of evidence that, pursuant to a property settlement or a divorce decree, Herbert transferred some interest in the stock to her in discharge of his marital obligation, , is inapplicable. With respect to Alice's argument that Herbert remained the substantial owner of the stock until 1957 or 1958 because he had possession of the stock certificate and exercised dominion, control, voting rights, etc., it is apparent from the circuit court's opinion that he exercised such control only as trustee for her benefit, not in any individual capacity. Neither do we find any indication in either of the opinions or the decrees of Circuit Court No. 2 of Baltimore City that a life estate or any other interest in the 12,550 shares of Airpax stock was created in Herbert. Nor does it appear that any such interest, or any remainder interest, was transferred by Herbert to Alice in satisfaction of a marital obligation. His sole interest in the stock in question was as trustee for himself and Alice as tenants in common. His ficuciary obligations with respect to the stock continued until 1959 when by the consent *121 of the parties and pursuant to a decree terminating the trust the shares were sold for $407,498.50 and the proceeds were paid to Alice. We therefore are of the opinion that Alice R. Cook alone was the owner of the 12,550 shares of stock in question, having acquired her entire interest therein by way of gift in 1952, and that the gain realized upon disposition of the shares in 1959 is taxable to her for that year as the respondent has determined. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Herbert A. Cook and Martha W. Cook, Docket No. 1744-62, and Alice Rich Cook, Docket No. 301-63.↩